UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIMON ZHORNITSKY | : | |
| | : | DOCKET NO. 3:24-CV-00018-KAD |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| YALE SCHOOL OF MEDICINE AND | : | MARCH 21, 2024 |
| CONNECTICUT MENTAL HEALTH CENTER | : | |
| | : | |
| DEFENDANTS | : | |
| | : | |

## YALE SCHOOL OF MEDICINE'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7(a) of the Local Rules of this Court, Yale School of Medicine ("Yale") hereby respectfully submits this motion to dismiss the plaintiff's gender-based employment discrimination and retaliation claims under Title IX and Title VII asserted in Counts One, Two, Four and Six, his breach of implied contract claim in Count Five, and his claim for intentional infliction of emotional distress alleged in Count Seven of the Complaint dated January 4, 2024.

All of these counts should be dismissed with prejudice.

With respect to Plaintiff's Title IX claims:

1. Both Title IX claims fail to state a claim because Plaintiff has not asserted any specific factual allegation to suggest Yale's conduct was tainted by gender bias;

2. Both Title IX claims also fail to state a claim because the Plaintiff has not alleged that any similarly situated comparators were treated differently; and

3. Plaintiff's Title IX constitutional due process claim fails because Yale is not a state actor.

With respect to Plaintiffs' Title VII claims:

1. Plaintiff's Title VII gender discrimination claim fails because Plaintiff has not alleged that an adverse action occurred under circumstances giving rise to an inference of

discrimination, since he has not offered any factual allegation to support a conclusion that another similarly situated employee was treated differently.

2. Plaintiff's Title VII retaliation claim fails because Plaintiff has not alleged that his filing of a complaint with the Connecticut Commission on Human Rights and Opportunities was followed closely by any discriminatory treatment by Yale.

With respect to Plaintiff's state law claims:

1. Plaintiff's claim for breach of an implied contract fails to state a claim as a matter of law because Yale's anti-discrimination policies, which are posted online, do not represent a binding agreement between Yale and Plaintiff.

2. Plaintiff's claim for intentional infliction of emotional distress fails to state a claim because it does not allege conduct rising to the level of extreme and outrageous conduct that is required to state a claim for that cause of action under Connecticut law.

Accordingly, Plaintiff's claims against Yale should be dismissed in their entirety.

THE DEFENDANT,
YALE SCHOOL OF MEDICINE

By: *Patrick M. Noonan*_____
PATRICK M. NOONAN – CT00189
MARIA LAURATO – CT31443
Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@carmodylaw.com
mlaurato@carmodylaw.com

## **CERTIFICATION**

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                          By: *Patrick M. Noonan*
                                                                              Patrick M. Noonan