IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIMON ZHORNITSKY | : | No. 3:24-CV-00018 (KAD) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| YALE SCHOOL OF MEDICINE and | : | |
| CONNECTICUT MENTAL HEALTH | : | |
| CENTER | : | |
| *Defendants* | : | JULY 29, 2024 |

**Connecticut Mental Health Center's
Reply Memorandum of Law in Support of its Motion to Stay Discovery**

Connecticut Mental Health Center ("CMHC") responds briefly to Plaintiff's opposition to CMHC's motion to stay discovery, including the parties' Rule 26(f) requirements. *See* ECF Nos. 23, 23-1, and 31. CMHC maintains the arguments raised in its pending motion to stay discovery and will not repeat them here.[1] CMHC submits this reply, however, for two overarching reasons. First, Plaintiff should not be entitled to discovery where, as here, he failed to state claims upon which relief can be granted. Second, Plaintiff's broad and burdensome discovery requests weigh heavily in favor of a stay, especially because CMHC's pending motion to dismiss could dispose of all claims asserted against CMHC or, at the very least, reshape the surviving claims.

I. **Plaintiff Should Not be Entitled to Discovery Because, Among Other Things, He Failed to State Any Claims Upon Which Relief can be Granted**

According to Plaintiff, it would be "premature" to stay discovery pending the outcome of CMHC's motion to dismiss because the existence of purported "factual disputes" or "substantial factual questions" weighs in favor of permitting discovery. *See* ECF No. 31 at 1-3. CMHC disagrees. This Court should grant CMHC's motion to stay discovery because Plaintiff should not

---

[1] As CMHC notes in its reply memorandum of law in support of its motion to dismiss, CMHC no longer contends that all claims against it should be dismissed due to improper service of process. *See* ECF No. 35 at 1.

be entitled to any discovery since, among other things, he has not stated any claims upon which relief can be granted against CMHC.[2]

"A plaintiff who has failed adequately to state a claim is not entitled to discovery." *Main Street Legal Services v. NSC*, 811 F.3d 542, 567 (2d Cir. 2016); *see also Zappin v. Cooper*, 2024 U.S. App. Lexis 15081, at *10 (2d Cir. 2024) (summary order) (noting that "the law is clear that discovery is not warranted where, as here, a plaintiff has 'failed adequately to state a claim'") (quoting *Main Street Legal Services*, 811 F.3d at 567).

For the reasons stated in CMHC's pending motion to dismiss and its reply memorandum in support of its motion to dismiss, Plaintiff's allegations against CMHC are largely conclusory, speculative, or otherwise fail to state claims upon which relief can be granted. *See* ECF No. 22-1 at 13, 15-18, 22-24, 27-28, 32-34; ECF No. 35 at 3-10. Plaintiff seemingly asks this Court to permit discovery so that he may flesh out or otherwise "explore" whether he has viable claims against CMHC. *See, e.g.*, ECF No. 30 at 4 ("The plaintiff should be permitted to take discovery to <u>further explore</u> CMHC's funding, control, and decision-making structure as it relates to the events in this case.") (emphasis added); *id.* at 11 ("<u>Discovery may shed further light</u> on CMHC's motivations, but for now, the plaintiff has alleged enough to survive a motion to dismiss on the retaliation claim.") (emphasis added). Simply filing a Complaint, though, "does not unlock the doors of discovery" for Plaintiff. *See, e.g., Hernandez v. Premium Merch. Funding One, LLC*, 2020 U.S. Dist. LEXIS 122643, *28 n.6 (S.D.N.Y. July 13, 2020) (noting that "the mere filing of

---

[2] Although this reply principally contends that Plaintiff should not be entitled to discovery where, as here, Plaintiff has not stated claims upon which relief can be granted, CMHC maintains that its arguments that (1) it is entitled to Eleventh Amendment immunity as an arm of the state and (2) Plaintiff lacks standing to assert a Title IX claim against CMHC present substantial arguments that this Court lacks subject matter jurisdiction over various claims asserted against CMHC. *See* ECF No. 22-1 at 11-13; ECF No. 23-1 at 5-6; ECF No. 35 at 1-3, 9. As previously argued, such assertions weigh in favor of staying discovery.

a complaint does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions") (internal quotation marks omitted); *Jacobs v. Tannenbaum Helpern Syracuse & Hirschritt*, 2017 U.S. Dist. Lexis 13100, at *7 n.2 (S.D.N.Y. Jan. 30, 2017) (same).  Rather, he first must adequately state a claim upon which relief can be granted *before* he is entitled to any discovery.  *See Zappin*, 2024 U.S. App. Lexis 15081, at *10; *Main Street Legal Services*, 811 F.3d at 567.  Plaintiff cannot sidestep his initial burden by simply characterizing his pleading deficiencies as "factual disputes" or "substantial factual questions."  *See* ECF No. 31 at 1-3.  Because Plaintiff has not stated a claim upon which relief can be granted, he should not be entitled to discovery.

Moreover, discovery is not "authorized . . . in order to permit a plaintiff to find out whether he has" a claim against a party.  *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004); *see also South Cherry Stret, LLC v. Hennessee Group LLC*, 573 F.3d 98, 114 (2d Cir. 2009) (noting that plaintiff's "speculation" that discovery would reveal facts to support claims "underscore[d], rather than cure[d], the deficiency in the [c]omplaint"); *Badiak v. Education & Assistance Corp.*, 2011 U.S. Dist. Lexis 6526, at *17-18 (E.D.N.Y. Jan. 24, 2011) (rejecting argument that motion to dismiss should be held "in abeyance pending the outcome of discovery because . . . through discovery, [plaintiff] will be able to determine whether or not she has a viable section 1983 claim[,]" reasoning that plaintiff bore burden of alleging sufficient facts suggesting state action); *Vent v. Mars Snackfood US, LLC*, 611 F. Supp. 2d 333, 340-41 (S.D.N.Y. 2009) (rejecting assertion that, because parties were at motion to dismiss stage, procedural posture of case required "discovery . . . to flesh out questions" related to legal issue), *aff'd*, 350 Fed. Appx. 533 (2d Cir. 2009).  Yet, that is essentially what Plaintiff seeks to do.  *See, e.g.,* ECF No. at 4, 11.

3

Put simply, Plaintiff has not stated plausible claims upon which relief can be granted against CMHC, so he should not be entitled to discovery. In any event, CMHC's motion to dismiss raises substantial arguments for dismissal, which should weigh heavily in favor of staying discovery. *See* ECF No. 23-1 at 4-5 (CMHC's motion to stay discovery discussing and citing cases for substantial grounds standard).

## II.  Plaintiff's Discovery Requests are Broad and Unduly Burdensome

As Yale notes in its pending motion to stay discovery, Plaintiff, on July 5, 2024, propounded interrogatories and discovery requests on Yale and CMHC. *See* ECF No. 34-1 at 2; *see also* ECF No. 34-3 (Plaintiff's first set of interrogatories and requests for production on CMHC). That Plaintiff's interrogatories and discovery requests are broad and unduly burdensome weighs in favor of staying discovery in this case, especially because both Yale's and CMHC's pending motions to dismiss will reshape the surviving claims (if any).

"Rule 26 is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *ITT Corp. & Goulds Pumps, Inc. v. Travelers Casualty & Surety Co.*, 2012 U.S. Dist. LEXIS 100033, at *6 (D. Conn. July 18, 2012) (Martinez, M.J.) (internal quotation marks omitted). Additionally, the "breadth of discovery sought" by Plaintiff is a factor to consider in determining whether to stay discovery. *See Kalra v. Adler Pollock & Sheehan, P.C.*, 2021 U.S. Dist. Lexis 250953, at *5 (D. Conn. March 16, 2021) (Dooley, J.) (internal quotation marks omitted); ECF No. 23-1 at 3.

Here, the breadth of Plaintiff's discovery is broad and unduly burdensome. For example, he requests the following:

6. All documents concerning CMHC's relationship with Yale School of Medicine, including but not limited to contracts, agreements, memoranda of understanding, and communications about the placement of Yale employees at CMHC facilities.

7. All documents concerning CMHC's sources of funding, including but not limited to

4

   budgets, financial statements, and documents showing the proportion of funding received from state and private sources.

8. All documents concerning the governance and decision-making structure of CMHC, including but not limited to organizational charts, bylaws, and documents showing the roles of state officials and Yale employees in CMHC governance.

9. All policies, procedures, and training materials related to the investigation and adjudication of sexual harassment and misconduct complaints at CMHC.

ECF No. 34-3 at 5; *see also id.* at 7-8 (interrogatory number 8, asking CMHC to "[d]escribe in detail any financial arrangements between CMHC and Yale University or any of its schools, departments, or affiliates, including but not limited to any funds provided by either entity to the other, any joint fundraising activities, and any shared expenses or resources"). Such discovery requests and interrogatories lack temporal constraints. Moreover, Plaintiff seeks other financial documents and materials for the past eight years. *See, e.g., id.* at 6 (requests for production numbers 11, 12, and 14); *id.* at 7 (interrogatory number 7). Plaintiff's discovery requests and interrogatories are broad and unduly burdensome, especially because CMHC has existed for decades. *See, e.g.,* Conn. Gen. Stat. § 17a-459 (statute referencing CMHC and indicating that statutory origins date back to approximately 1963); *see also ITT Corp. & Goulds Pumps, Inc.*, 2012 U.S. Dist. LEXIS 100033, at *7 (noting that "plaintiffs' requested discovery is extraordinarily broad. The temporal scope of the requests run from the 1960s . . . to the present"). The breadth of discovery sought by Plaintiff therefore weighs in favor of granting a stay.

## **CONCLUSION**

For these reasons and those contained in CMHC's motion to dismiss, reply in support of its motion to dismiss, and motion to stay discovery, CMHC respectfully requests that this Court stay the parties' Rule 26 requirements, including discovery, until thirty (30) days after this Court rules on CMHC's pending Motion to Dismiss.

       Respectfully submitted,

       DEFENDANT—CMHC

       WILLIAM TONG
       ATTORNEY GENERAL

BY: /s/ *Thadius Bochain*
   Thadius Bochain (ct31367)
   Alma Rose Nunley (ct30610)
   Assistant Attorneys General
   Office of the Attorney General
   165 Capitol Avenue, 5th Floor
   Tel.:  (860) 808-5020
   Fax:  (860) 808-5347
   Thadius.Bochain@ct.gov
   Alma.Nunley@ct.gov

**Certificate of Service**

I hereby certify that on July 29, 2024, a copy of the foregoing was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Thadius Bochain*
Thadius Bochain
Assistant Attorney General