UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIMON ZHORNITSKY : <br> : <br> PLAINTIFF : <br> : <br> v. : <br> : <br> YALE SCHOOL OF MEDICINE AND : <br> CONNECTICUT MENTAL HEALTH CENTER : <br> : <br> DEFENDANTS : <br> : | DOCKET NO. 3:24-CV-00018-KAD <br><br><br><br><br><br><br><br><br><br> FEBRUARY 12, 2024 |

### ANSWER OF YALE UNIVERSITY

The defendant, Yale School of Medicine, hereby answers the plaintiff's Complaint dated January 4, 2024.

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore leaves the plaintiff to his proof.

2. The defendant admits the allegations contained in Paragraph 2.

3. The defendant admits that Connecticut Mental Health Center ("CMHC") is located in New Haven, CT, and that CMHC works with Yale University's Department of Psychiatry. The defendant denies the remaining allegations contained in Paragraph 3.

4. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore leaves the plaintiff to his proof.

5. The defendant admits the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are denied, except to admit that no disciplinary action was taken against the plaintiff until Ms. Perez registered complaints about the plaintiff's harassment of her.

7. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore leaves the plaintiff to his proof.

8. The defendant admits the allegations contained in Paragraph 8.

9-12. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 9 through 12, and therefore leaves the plaintiff to his proof.

13. The defendant admits that Jason Killheffer notified the plaintiff in or about May, 2022 that Ms. Perez requested that she have no further interaction with the plaintiff. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and therefore leaves the plaintiff to his proof.

14. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore leaves the plaintiff to his proof.

15. The defendant admits that Jason Killheffer notified the plaintiff in or about May, 2022 that Ms. Perez requested that she have no further interaction with the plaintiff. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and therefore leaves the plaintiff to his proof.

16. The defendant admits that Ms. Perez supplied Mr. Killheffer with copies of Plaintiff's Instagram messages. The defendant denies the remaining allegations contained in Paragraph 16.

17. The defendant admits that the plaintiff was directed in May, 2022 that he was to have no interactions with Ms. Perez. The defendant denies the remaining allegations contained in Paragraph 17.

18. The defendant admits the allegations contained in Paragraph 18.

19. The defendant admits that the plaintiff's job duties included escorting Dr. Gustavo Angarita's participants for bloodwork. The defendant denies the remaining allegations contained in Paragraph 19.

20. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore leaves the plaintiff to his proof.

21. The defendant admits that Mr. Killheffer met with the plaintiff in mid-September, 2022 regarding Ms. Perez's complaint that the plaintiff had been seen outside of her office and that the CMHC administration decided to deny the plaintiff access to the CMHC building for a period of time. The defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and therefore leaves the plaintiff to his proof.

22. The defendant admits that the plaintiff claimed that he was in the location to perform tasks related to his job duties. The defendant denies the remaining allegations contained in Paragraph 22.

23-24. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 23 and 24 and therefore leaves the plaintiff to his proof.

25. The defendant notes that the e-mail was written on November 22, 2022 and refers to that e-mail for the contents thereof.

26. The allegations contained in Paragraph 26 are denied.

27. The defendant admits that Diane Charles, in her capacity as a Deputy Title IX Coordinator for Yale University filed a formal complaint of sexual misconduct dated January 9, 2023 against the plaintiff with the University-Wide Committee on Sexual Misconduct based on

reports from Ms. Perez. The defendant denies the remaining allegations contained in Paragraph 27.

28. The allegations contained in Paragraph 28 are denied.

29. The defendant admits that Yale University accepted Ms. Perez's UWC complaint for investigation. The defendant denies the remaining allegations contained in Paragraph 29.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required.

32-35. The defendant denies the allegations contained in Paragraphs 32 through 35.

36. The defendant admits that Yale University accepted the UWC complaint for investigation. The defendant denies the remaining allegations contained in Paragraph 36.

37. The defendant admits that the UWC hearing committee considered, among other evidence, the Instagram messages sent by the plaintiff to Ms. Perez in determining whether the plaintiff violated Yale's sexual misconduct policy. The defendant denies the remaining allegations contained in Paragraph 37.

38. The defendant denies the allegations contained in Paragraph 38.

39. The defendant admits that the UWC hearing committee considered the plaintiff's pre-March 2022 conduct, and other evidence, in determining whether the plaintiff violated the sexual misconduct policy.

40-41. The defendant denies the allegations contained in Paragraphs 40 and 41.

42. The defendant denies that the plaintiff never violated the no contact order and denies that it subjected the plaintiff to "double jeopardy." The defendant further denies the

implication that the double jeopardy clause of the United States Constitution has any application to this matter. The defendant admits that the plaintiff had previously been directed not to enter the CMHC building.-

## COUNT ONE – TITLE IX VIOLATION FOR GENDER DISCRIMINATION AGAINST DEFENDANT YALE

43. The responses to Paragraph 1 through 42 are hereby incorporated and made the response to Paragraph 43 of Count One.

44. The defendant refers to Title IX of the Education Amendments of 1972 for the contents thereof.

45. The defendant admits that it is subject to Title IX of the Education Amendments of 1972 Act.

46-47. The defendant refers to Title IX of the Education Amendments of 1972 for the contents thereof.

48-49. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 48 and 49 and therefore leaves the plaintiff to his proof.

50-51. The defendant denies the allegations contained in Paragraphs 50 and 51.

52. The defendant admits that Ms. Perez herself did not sign the formal complaint submitted to the UWC, nor was her signature required or expected under Yale's policy. The defendant denies the remaining allegations contained in Paragraph 52.

53. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 and therefore leaves the plaintiff to his proof.

54. The defendant refers to the Rules of the Title IX of the Education Amendments Act for the contents thereof.

55. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and therefore leaves the plaintiff to his proof.

56. The allegations contained in Paragraph 56 are denied.

57. The defendant refers to the Rules of the Title IX of the Education Amendments Act for the contents thereof.

58. The defendant denies the allegations contained in Paragraph 58.

59. The defendant admits that Yale University acts impartially and with due diligence when initiating any Title IX or UWC proceeding. The defendant denies the remaining allegations contained in Paragraphs 59.

60-61. The defendant denies the allegations contained in Paragraphs 60 and 61.

62. The defendant admits that it addressed Ms. Perez's complaints about the plaintiff and investigated her formal UWC complaint. The defendant also admits that the plaintiff was advised that he was to have no further interaction with Ms. Perez and was banned from the CHMC building for a period of time. The defendant denies the remaining allegations contained in Paragraph 62.

63. The defendant denies the allegations contained in Paragraph 63.

64. The defendant admits that plaintiff's employment contract was renewed for a six month term in 2023, and thereafter not renewed. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and therefore leaves the plaintiff to his proof.

65-67. The defendant denies the allegations contained in Paragraphs 65 through 67.

**COUNT TWO – TITLE VII GENDER DISCRIMINATION AGAINST DEFENDANT YALE**

68. The responses to Paragraph 1 through 42 and Paragraphs 43 through 67 of Count One are hereby incorporated and made the response to Paragraph 68 of Count Two.

69. The allegations contained in Paragraph 69 are legal conclusions to which no response is required.

70. The defendant admits the allegations contained in Paragraph 70 for the period prior to Ms. Perez's first complaint to Yale University about the defendant's interactions with her.

71. The defendant denies the allegations contained in Paragraph 71.

72. The defendant admits that Ms. Perez requested that Yale University notify the Plaintiff that she no longer wanted to receive messages from the plaintiff.

73. The defendant denies the allegations contained in Paragraph 73.

74. The defendant admits that Ms. Perez complained in September, 2022 that the plaintiff was lurking outside of her office.

75. The defendant admits that the plaintiff claimed that he was in the location to perform tasks related to his job duties.

76. The defendant denies that Ms. Perez was told that her allegations were unsubstantiated. The defendant admits that Ms. Perez had concerns when she was informed of a plan for the plaintiff to return to work for Yale University.

77. The defendant refers to the November 22, 2022 e-mail for the contents thereof.

78. The defendant denies the allegations contained in Paragraph 78.

79. The allegations contained in Paragraph 79 are denied. The defendant received notice on January 19, 2023 that the plaintiff had filed a complaint against the defendant with the Connecticut Commission on Human Rights & Opportunities.

80. The defendant admits that Ms. Perez did not sign the formal complaint submitted to the UWC by Yale University's Deputy Title IX Coordinator, nor was her signature required or expected under Yale's policy. The defendant denies the remaining allegations contained in Paragraph 80.

81-83. The defendant denies the allegations contained in Paragraphs 81 through 83.

### COUNT THREE – TITLE VII GENDER BIAS/DISCRIMINATION AGAINST DEFENDANT CMHC

Count Three was dismissed by the Court.

### COUNT FOUR – TITLE VII RETALIATION AGAINST BOTH DEFENDANTS

89. The responses to Paragraphs 1 through 42, Paragraphs 43 through 67 of Count One, and Paragraphs 68 through 83 of Count Two are hereby incorporated and made the response to Paragraph 89 of Count Four.

90. The allegations contained in Paragraph 90 are denied. The defendant received notice on January 19, 2023 that the plaintiff had filed a complaint against the defendant with the Connecticut Commission on Human Rights & Opportunities.

91. The defendant admits that Ms. Perez herself did not sign the formal complaint submitted to the UWC by Yale University's Deputy Title IX Coordinator, nor was her signature required or expected under Yale's policy. The defendant denies the remaining allegations contained in Paragraph 91.

92. The defendant refers to the UWC formal complaint for the contents thereof.

93. The defendant denies the allegations contained in Paragraph 93.

94. The defendant admits that Yale University addressed Ms. Perez's March, 2022 complaint regarding the plaintiff. The defendant denies that the plaintiff was not charged with any wrongdoing.

95. The defendant admits that, in May, 2022, Mr. Killheffer advised the plaintiff not to have further interaction with Ms. Perez. The defendant denies that the plaintiff never violated the no contact order. The defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 95 and therefore leaves the plaintiff to his proof.

96-98. The defendant denies the allegations contained in Paragraphs 96 through 98.

### COUNT FIVE – BREACH OF CONTRACT AGAINST BOTH DEFENDANTS

Count Five was dismissed by the Court.

### COUNT SIX – TITLE IX DUR PROCESS VIOLATION AGAINST BOTH DEFENDANTS

Count Six was dismissed by the Court.

### COUNT SEVEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST BOTH DEFENDANTS

Count Seven was dismissed by the Court.

THE DEFENDANT,
YALE SCHOOL OF MEDICINE

By:     *Patrick M. Noonan*

PATRICK M. NOONAN – CT00189
Carmody Torrance Sandak & Hennessey LLP
741 Boston Post Road, Suite 306
Guilford, CT 06437
Telephone: (203) 458-9168
Fax: (203) 458-4424
Email: pnoonan@carmodylaw.com

## CERTIFICATION

      I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      By: *Patrick M. Noonan*
           Patrick M. Noonan